IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RITABEN PATEL and VIPULKUMAR PATEL,<br><br>    Plaintiffs,<br><br>-vs-<br><br>DEPARTMENT OF HOMELAND SECURITY, CHAD F. WOLF, Secretary; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, KENNETH T. CUCCINELLI, Director; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, BRUCE PAULIN, Field Office Director, Oklahoma City, OK,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-20-1099-F |

## **ORDER**

    This mandamus action asks the court to compel the United States Citizenship and Immigration Services and its officials to accept, and to adjudicate in plaintiffs' favor, plaintiffs' I-485 Application to Adjust Status. Doc. no. 1. Defendants are identified in the body of the complaint as Acting Secretary of Homeland Security Chad F. Wolf; as Acting Director of the United States Citizenship and Immigration Services Kenneth T. Cuccinelli; and as Field Office Director of the United States Citizenship and Immigration Services, Oklahoma City, Oklahoma, Bruce Paulin. *Id*. at ¶¶ 6-7. Although the complaint does not state that the defendants are named in their official capacities only, the nature of the allegations indicate that is the case,

and the complaint is so construed. At least two of the defendants are no longer serving in the offices identified in the complaint.[1] However, Rule 25(d), Fed. R. Civ. P., provides that when a public officer named in an official capacity resigns or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. Accordingly, the fact that new officers are now serving in these capacities does not impact the viability of this action.

The complaint was filed on October 29, 2020. After ninety days, the record did not reflect service on any defendant. Therefore, on January 29, 2021, the court ordered plaintiffs to show cause, within fourteen days of the date of that order, as to any reason why this action should not be dismissed for failure to effect service within the time limit provided by Rule 4(m), Fed. R. Civ. P. Doc. no. 3. The order advised plaintiffs that absent a sufficient and timely showing of such cause, and absent any reason for permissive extension of the time for service, this action would be dismissed without prejudice under Rule 4(m).

On February 10, 2021 (which is within the fourteen-day period to show cause), plaintiffs filed a "Motion for Default Judgment Or in the Alternative Motion for Aid of the Court to Service Defendants." Doc. no. 4. The motion describes various attempts to serve the defendants at what the motion describes as their service addresses in Washington, D.C., including evidence intended to show that service was made by certified mailings to the defendants on November 24, 2020.[2] Although plaintiffs have submitted tracking documents intended to show that the mailings

---

[1] The current Secretary of Homeland Security is Alejandro Mayorkas. Tracy Renaud is currently identified on the USCIS website as the Senior Official Performing the Duties of the Director.

[2] The process server's affidavits (doc. no. 4, pp. 8, 18 and 23 of 26, ecf page numbers) indicate that certified mailings were sent to defendants on November 25, 2020. However, the records showing what was mailed and to whom (*id*. at p. 10 of 26), indicate these mailings occurred on November 24, 2020.

were received, plaintiffs state that none of the recipients have signed and mailed back any certified mail receipts.

Because the defendants are officers sued in their official capacities, service is governed by Rule 4(i)(2), Fed. R. Civ. P.  As provided there:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Thus, a party serving officers in their official capacities only must not only "send a copy of the summons and of the complaint by registered or certified mail to the agency…or officer," that party must also "serve the United States."  The requirements for serving the United States are found in Rule 4(i)(1).  As provided there:

> (1) *United States*. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Plaintiff's motion for default judgment does not address the requirement for service on the United States as set out above, nor does anything in the record show

3

compliance with that service requirement. For that reason, the motion for default judgment is **DENIED**. Doc. no. 4.

For the same reason, plaintiffs' arguments and evidence included in their motion for default judgment do not provide a sufficient reason to avoid dismissal of this action for failure to timely serve the defendants. Plaintiffs, however, will be given additional time to either show proper service or show good cause as to why this action should not be dismissed.

Plaintiffs' time for showing proper service on the defendants is hereby **EXTENDED** to twenty-eight days from the date of this order. Absent proper service appearing of record by that date, or a showing of cause as to any reason why this action should not then be dismissed or a reason for another permissive extension of the time for service, this action will then be dismissed, without prejudice, for failure to effect timely service.

IT IS SO ORDERED this 17th day of February, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1099p002.docx